

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| TASHA WILSON, | Case No.: 3:14-cv-00234 |
| Plaintiff, | |
| v. | PLAINTIFF'S COMPLAINT |
| NORTHSTAR LOCATION SERVICES, LLC, | |
| Defendant. | |

## COMPLAINT

TASHA WILSON ("Plaintiff"), through her attorneys, alleges the following against NORTHSTAR LOCATION SERVICES, LLC, ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

2. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant conducts business in the State of Virginia thereby establishing personal jurisdiction.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person residing in Suffolk, Virginia.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5).

8. Defendant is a business entity with an office located at 4285 Genesee Street, Cheektowaga, New York, 14225.

9. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

10. Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

11. Prior to the filing of this Complaint, Defendant was assigned an account from a third party to collect monies from Plaintiff which are alleged to be past due ("debt").

12. Upon information and belief, the aforementioned debt arises from transactions on a Barclay's credit card that was used for personal, family and household purposes.

13. In its collection attempts, Defendant sent letters ("collection letters") to Plaintiff and placed telephone calls ("collection calls") to Plaintiff seeking payment.

14. In or around December of 2013, Plaintiff called Defendant after receiving a collection letter.

15. During the aforementioned conversation, Defendant's employee, stated to Plaintiff that unless Plaintiff made an immediate payment of at least $793.00, followed by

subsequent payments of $64.00 monthly, that Defendant would secure a judgment against Plaintiff and garnish Plaintiff's wages.

16. After the conversation of December of 2013, a different debt collector started collecting on the alleged debt by sending collection letters to Plaintiff.

17. Defendant had not filed a lawsuit against Plaintiff for the alleged debt in December of 2013, nor has Defendant filed a lawsuit against Defendant since.

18. Further, Defendant did not have any authority to garnish Plaintiff's wages in December of 2013.

19. Defendant falsely told Plaintiff that it would collect monies from her involuntarily through judgments and wage garnishments, which it did not intend to do when it made those statements, to get Plaintiff to make payments directly to Defendant.

20. Defendant uses false, deceptive and misleading representations in connection with its attempts to collect the alleged debt by suggesting legal action has been, or will be, taken, by not disclosing the true purpose of its phone call and by not disclosing that it is a debt collector in order to deceive Plaintiff.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

21. Defendant violated the FDCPA based on the following:

   a. Defendant violated §1692e(4) of the FDCPA by threatening Plaintiff that non-payment would result in wage garnishment which could not be taken and/or was not intended to be taken;

   b. Defendant violated §1692e(5) of the FDCPA threatening action that cannot, or is not intended, to be taken;

3

    c.    Defendant violated § 1692e(10) of the FDCPA by using deceptive means in an attempt to collect a debt.

WHEREFORE, Plaintiff, TASHA WILSON, respectfully requests judgment be entered against Defendant, NORTHSTAR LOCATION SERVICES, LLC, for the following:

22.    Statutory damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

23.    Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k

24.    Any other relief that this Honorable Court deems appropriate.

DATED: 3-28-14

RESPECTFULLY SUBMITTED,

By: _____

Richard W. Ferris, Esq.
VSB# 31812
530 East Main Street
Suite 1020
Richmond, VA 23219
(804) 767-1800
(888) 251-6228 FAX
rwferris@ferriswinder.com

4